PER CURIAM.
W.S. appeals an order terminating his parental rights to W.S., IV. We reverse and remand for further proceedings.
These proceedings began as a shelter petition in August 2000, with a petition for dependency following soon thereafter in September 2000, involving two children and their mother. The appellant, W.S., was not involved in these proceedings until a petition to terminate his parental rights as to one of the children was filed in August 2002. When that child was born, W.S. suspected that he might be the father, but the mother denied he was the father. Despite the similarity in their initials, W.S., IV, does not share a name with W.S. It was not until December 2002 that paternity testing established W.S. as the *617 biological father. By that point, W.S. was in the custody of the Department of Corrections. He is scheduled for release in the near future.
The trial court terminated parental rights on the theory that W.S. had voluntarily abandoned the child during the period when the mother denied he was the father and when no birth certificate or other legal determination established his parental obligations. We conclude that the record does not support this determination. See J.T. v. Dep’t of Children & Family Servs., 819 So.2d 270 (Fla. 2d DCA 2002); see also J.P.C. v. Dep’t of Children & Family Servs., 819 So.2d 264 (Fla. 2d DCA 2002).
W.S. also argues that the trial court has not taken adequate steps to comply with the Indian Child Welfare Act. See 25 U.S.C. § 1911 (2002). The child’s mother has at least some Native American heritage. From our record, we are not certain that the trial court has fully complied with the Act. On remand, the trial court should take all steps necessary to comply.
Reversed and remanded.
ALTENBERND, C.J., and DAVIS and SILBERMAN, JJ., Concur.